IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ELIJAH CURTIS SILAS                                                      PLAINTIFF

v.                             No. 3:15-cv-269-DPM

MANDY CHILDRESS,* Nurse, and
DANA CAGE, Intake Officer, Crittenden County              DEFENDANTS

ORDER

1. In January and July 2015, Silas spent several days in the Crittenden County Detention Center. During each booking, he told jail officials that he suffered from high blood pressure and an enlarged prostate. And he told Childress and Cage about the prescription medicines he took for these conditions. Nonetheless, Silas says that during his January stint, he only received his medicine a few times. Childress and Cage dispute this. It's undisputed, though, that Silas didn't get his medicine at all in July. Silas says that Childress and Cage denied him constitutionally adequate medical care during these two periods. Both sides now move for summary judgment; and Silas moves for default judgment.

---

*The Court directs the Clerk to correct Mandy Childress's last name on the docket. № 24 at 1.

2. First, the January 2015 claim. There's a fact dispute, but not one that precludes summary judgment: Silas says the jail gave him his medicine only two or three times during his January stay. But Cage and Childress have filed jail records showing that, at most, Silas went without his medicine for two days during this period. At this stage, the Court must take the facts in the light most favorable to Silas, but only where those facts are genuinely disputed. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). And Silas hasn't offered any proof that contradicts the jail records or creates a genuine fact dispute on this point. FED. R. CIV. P. 56(e). His January 2015 claim therefore boils down to the two days he didn't get his medicine.

As Cage and Childress note, Silas hasn't offered verifying medical evidence showing that this two-day delay made his condition or prognosis worse. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). Silas filed a medical record from August of this year; but nothing in it shows a connection between the two missed doses in January 2015 and Silas's condition a year and a half later. № 21 at 4–8. Silas's January 2015 claim therefore fails. Cage and Childress's motion for summary judgment, № 22, is granted on this claim; Silas's cross motion, № 30, is denied.

3. Next, the July 2015 claim. The parties agree that Silas didn't get his medicine at all during this second stretch at CCDC, which lasted ten days. But Childress and Cage say this was Silas's fault: a non-party nurse's note in the jail records states that, two days into the stay, Silas "refused to see medical" because he thought he would be released the next day and didn't want to pay for his medication. Again, Silas hasn't offered any evidence to create a genuine fact dispute on this point. On this record, no reasonable fact finder could conclude that Cage and Childress were deliberately indifferent to Silas's serious medical needs. Cage and Childress are therefore entitled to qualified immunity here. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). Their motion for summary judgment on this claim, *№ 22*, is granted; Silas's cross motion, *№ 30*, is denied.

4. Some final matters. First, Silas's motion for default judgment, *№ 30*, is denied. The Court denied Silas's first motion for summary judgment as premature, *№ 15*, so Childress and Cage weren't required to respond to it.

Next, the parties' summary judgment papers address Silas's complaint about alleged injuries he sustained while in CCDC. But the Court already dismissed these claims without prejudice. *№ 3 at 2*. The cross motions for

summary judgment, № 22 & 30, are therefore denied as moot as to these claims.

Finally, Silas's complaint alleges that during his January booking, he told Cage and Childress about his Hepatitis C infection and asked to be put in a cell by himself. This claim has taken a back seat to Silas's medication claims. Nonetheless, the Court has a continuing duty to screen out allegations that fail to state a claim. 28 U.S.C. § 1915(e)(2). Silas's complaint doesn't allege that he was denied needed medical treatment for his Hepatitis C or that being confined with other inmates put him at any risk of serious harm. His allegations about housing therefore fail to state a § 1983 claim. *E.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). This claim will be dismissed without prejudice.

\* \* \*

Defendants' motion for summary judgment, № 22, is partly granted and partly denied as moot. Silas's motion for summary judgment and alternative motion for default judgment, № 30, is denied. All other pending motions are denied as moot. Silas's inadequate medical care claims against Cage and

Childress will be dismissed with prejudice. His claim about housing in light of his Hepatitis C status will be dismissed without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 December 2016